ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT MEMORANDUM ASKING US TO DRAFT AN ATTORNEY GENERAL OPINION REQUEST ON BEHALF OF SHARE MEDICAL CENTER, ALVA, OKLAHOMA. UNFORTUNATELY, WE ARE UNABLE TO RESPOND TO YOUR REQUEST WITH AN OFFICIAL OPINION, AS THE QUESTION ASKED BY MR. ALLEE IS A FACTUAL ONE WHICH CANNOT BE ADDRESSED IN AN ATTORNEY GENERAL OPINION. THE DECISION WHETHER TO OBTAIN LIABILITY INSURANCE, AND IN WHAT AMOUNT, MUST BE MADE ON A CASE BY CASE BASIS BY EACH PARTICULAR ENTITY. THE FACTORS TO BE CONSIDERED INCLUDE THE NUMBER OF OFFICERS AND MEMBERS OF THE BOARD OF DIRECTORS, THE ANTICIPATED EXPOSURE TO LIABILITY, THE FINANCIAL CAPABILITY OF THE ENTITY TO PURCHASE LIABILITY INSURANCE, AS WELL AS THE APPLICATION OF VARIOUS STATUTES. THESE DECISIONS SHOULD BE DISCUSSED IN DEPTH WITH COUNSEL FOR THE PARTICULAR ENTITY PRIOR TO MAKING A DECISION AS TO INSURANCE PURCHASES. AS LEGAL COUNSEL FOR THE STATE, THIS OFFICE IS NOT AUTHORIZED NOR IS IT IN A POSITION TO MAKE THESE KINDS OF DECISIONS FOR ORGANIZATIONS SUCH AS SHARE MEDICAL CENTER. WE NOTE THAT MR. ALLEE CITES H.B. 1895, NOW CODIFIED AS 18 O.S. 865 [18-865] (1986), WHICH CONFERS A CERTAIN AMOUNT OF IMMUNITY FROM PERSONAL LIABILITY UPON THE DIRECTORS OF NON-PROFIT CORPORATIONS. THIS STATUTE, OF COURSE, SHOULD BE CONSIDERED IN THE DIRECTORS' DETERMINATION OF HOW MUCH INSURANCE COVERAGE SHOULD BE OBTAINED; HOWEVER, THE STATUTE CLEARLY DOES NOT CONFER ABSOLUTE IMMUNITY IN ALL INSTANCES. I AM SORRY THIS OFFICE COULD NOT BE OF GREATER ASSISTANCE. HOWEVER, IT IS IN THE BEST INTEREST OF THE MEDICAL CENTER ITSELF THAT IT OBTAIN COUNSEL CAPABLE OF ADDRESSING AND EVALUATING ITS SPECIFIC INSURANCE NEEDS. (SUSAN BRIMER LOVING)